Loííikg-, J.,
delivered the opinion of the court:
In this case the two first items of claim are for balances unpaid of the contract price, viz: $3,948.99 on 889.4Í cubic yards of stone and material excavated at Moline Chain, and $14,874.98 on 3,533.25 cubic yards of stone and material excavated at Sycamore Chain, under the contract; and to each of these items of claim the defendants object, that after the dispute, discussion, and reference to the Secretary of War stated in the finding of facts, the petitioners signed a receipt in full therefor on payment of the sum stated in the receipt, while the petitioners claim that the receipt was not, in legal effect, a receipt in full. We think the claim of the defendants is maintained by the evidence. It is true that the receipt in full is appended to a monthly estimate, and that these were subject to correction by the engineer in charge, in his final account, if he found any error in such monthly estimate ; but otherwise they were to be the means for his final account; and there is nothing to suggest that the engineer in charge found any error in the monthly estimate as to the items claimed or the receipt relating to them. On the other hand the evidence shows that the reductions made in the contract price was the subject of dispute, and reference and final adoption by the engineer: and that after that the petitioners signed the receipt, which, in terms, is “in full payment of the above account,” and the account specifies the number of yards excavated, and the price per yard allowed, making the sum of $30,602.01, which the petitioners received. On its face, therefore, the receipt is in full for the number of yards excavated in the places specified and claimed for.
The remaining item of claim is for 2,960.75 cubic yards of stone and material, $38,489.25.
*721 Tke.amount of material specified was thrown up by the blasts from drills made below grade, and was spread on the bottom of the river and not taken out of it, and for this the engineer refused all payment, because it was not excavated and removed, and therefore was not within the words of the contract “to excavate and remove from the bottom of the Mississippi River.”
We have to adjudge the legal- rights of the parties on the terms of the contract, and that provided that the stone and material excavated in order to make the channel should be the property of the United States, and should “ not be sold or otherwise disposed of by said parties of the second part, but shall be delivered and deposited in such place or places, and in such manner, either in the river in the form of a dam, or elsewhere, as the engineer in charge of the work may direct.” And as the stone thrown up by the blasts, and then spread on the bottom of the river, was neither delivered therefrom nor deposited in it in the form of a dam, it may be that literally it was not within the words of the contract, nor material as to which any of the prices specified in the contract were applicable.
And the contract further provides as follows: “ That the said work is to be estimated and determined exclusively under the direction of the engineer in charge of the work, and his determination is to be final and conclusive, both as regards the quantity of stone removed and the completion of the work.” And we think this provision makes the engineer in charge the sole and final judge as to the quantity of stone to be allowed for. And that he refused to allow any part of the quantity of stone referred to is proved by his refusal to pay for it, as stated in the finding of facts, and the further circumstance that no allowance of any part of it is shown in the monthly estimates of the work done from the beginning of the work to its final completion, nor in the account claimed to be his final account provided for in the contract; and if the parties to the contract by that appointed their own tribunal, there is no appeal here from its decision. If, under the provision in the contract that “ the determination of the engineer in charge should be final and conclusive as regards the quantity of stone removed,” he had allowed a number of yards less than the number removed, we could not have reviewed or corrected his determination, and we think the rule is the same where his determination is shown to have been to allow nothing of the particular quantity claimed.
*722 The contract provided that when the work was completed the engineer in charge should “presenta final aecount and estimate” to provide for a speedy and just settlement, and it may be that the account filed by the engineer in charge as his final account departs from the contract and transcends his authority, and is in legal effect a nullity; but that would not alter the effect of the provisions of the contract above cited, which makes his determination as to the quantity of material removed final and conclusive on the parties.
The judgment of the court is that the petition be dismissed.
. Bighardson, J., was absent when this decision was announced.